# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOPKINS,<br><br>        Plaintiff,<br><br>   v.<br><br>MOHAMMAD ALI, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV-F-02-5390 AWI SMS P<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 75) |

Plaintiff Charles Hopkins ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is currently set for jury trial on June 28, 2005. On April 1, 2005, plaintiff filed a motion seeking the appointment of counsel.

The court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with

1  similar cases almost daily.  Based on a review of the record in this case, the court is unable to find
2  that plaintiff is likely to succeed on the merits, and the court does not find that plaintiff cannot
3  adequately articulate his claims.  <u>Terrell</u>, 935 F.2d at 1017.
4     For the foregoing reasons, plaintiff's motion for the appointment of counsel, filed April 1,
5  2005, is denied, without prejudice.

7  IT IS SO ORDERED.
8  **Dated:   April 25, 2005**               /s/ Sandra M. Snyder
   icido3                                UNITED STATES MAGISTRATE JUDGE