IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOPKINS,                )<br>                                                )<br>                   Plaintiff,           )<br>                                                )<br>       v.                                      )<br>                                                )<br>                                                )<br>MOHAMMAD ALI, et al.,       )<br>                                                )<br>                   Defendant.       )<br>_____) | CV F 02-5390  AWI SMS P<br><br>ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER AND MOTION FOR ATTENDANCE OF INCARCERATED WITNESS<br><br>(Documents #83 & 84) |

        This action proceeds on Plaintiff Charles Hopkins ("Plaintiff")'s amended complaint filed May 2, 2002.  Plaintiff, an inmate in the custody of the California Department of Corrections, brings this civil rights action against Defendants Ali, Martinez, and Loaiza ("Defendants")  for violations of Plaintiff's civil rights.  The amended complaint alleges that Defendants failed to provide medical treatment for Plaintiff's hand from April to November 2001.  Plaintiff has filed a motion to modify the court's scheduling order and a motion for the attendance of an incarcerated witness at trial.

        The court's January 5, 2005 Second Scheduling order stated that any motion for the attendance of an incarcerated witness must be filed by April 4, 2005.  Plaintiff did not file a timely motion for the attendance of an incarcerated witness.  Plaintiff's motion for the attendance of an incarcerated witness was not filed until May 13, 2005.  As such, the court can only consider Plaintiff's motion if the court modifies the Second Scheduling Order.  A

scheduling order controls the subsequent course of an action unless it is modified by the court. Fed.R.Civ.P. 16(e); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). A scheduling order cannot be modified "except upon a showing of good cause." Fed.R.Civ.P. 16(b); Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). In this case, even if the court grants Plaintiff's request to modify the Second Scheduling Order, the court would deny Plaintiff's motion for the attendance of an incarcerated witness.

Plaintiff requests that the court bring Inmate Brad Williams to trial. Plaintiff states that Brad Williams witnessed the medical care received by Plaintiff and his interactions with certain medical personnel at CSATF. Plaintiff provides evidence that this incarcerated witness indicated in May 2001 that he is willing to testify on behalf of Plaintiff. It does not appear Plaintiff has been in contact with this witness for some time.

It is not this court's policy to transport an incarcerated witness unless the witness is currently willing to come to court to testify. Because Plaintiff has failed to provide any information indicating whether Brad Williams is willing to testify on behalf of Plaintiff at a trial beginning on June 28, 2005, the court must deny Plaintiff's motion. In addition, Plaintiff does not know Brad Williams' prison identification number. Without this number, the court has no ability to find Brad Williams and order prison officials to transport him to trial. The court's contact with CDC reveals that there are several inmate with the name Brad Williams incarcerated within CDC. Without either Brad Williams's prison identification number or his birthday, the court cannot compel the CDC to bring Brad Williams to court. On June 20, 2005, the court received a letter from Plaintiff.[1] In this letter Plaintiff states that he cannot find any additional

---

[1] In this letter, Plaintiff also poses three questions to the court. Plaintiff asks when he will be transferred to the court. The CDC has been ordered to have Plaintiff appear in court on June 28, 2005. Exactly when Plaintiff will leave his current institution and where Plaintiff will be housed during trial is a decision that will be made by CDC.
Plaintiff also asks what he will be allowed to bring with him. Again, the CDC will decide what materials Plaintiff may bring with him to court. Because the transportation officers are aware that trial cannot proceed without legal materials, in this court's experience litigants are allowed to bring relevant legal materials.
Finally, Plaintiff inquires whether he can ask leading questions in his direct examination.

information about the Brad Williams he would like the court to transport.   Thus, the court finds that it cannot grant Plaintiff's request for the attendance of an incarcerated witness.

      Accordingly, the court orders that:

1.     Plaintiff's motion to amend the Second Scheduling Order is DENIED; and
2.     Plaintiff's motion for the attendance of an incarcerated witness is DENIED.

IT IS SO ORDERED.

**Dated:   June 21, 2005**             **/s/ Anthony W. Ishii**
0m8i78                                                 UNITED STATES DISTRICT JUDGE

---

Generally, leading questions are not allowed when conducting a direct examination.  However, there are exceptions to this rule.  Therefore, the morning of trial Plaintiff should raise the issue of leading questions with the court and disclose which witnesses he would like to ask leading questions.

3