IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOPKINS,<br><br>             Plaintiff,<br><br>     v.<br><br>MOHAMMAD ALI, et al.,<br><br>             Defendant. | CV F 02-5390  AWI SMS P<br><br>ORDER DENYING MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE<br><br>(Doc. #123) |

  In this action, Plaintiff Charles Hopkins ("Plaintiff"), brought a civil rights action against Defendants Ali, Martinez, and Loaiza ("Defendants") for violations of Plaintiff's civil rights. After a jury trial, on June 29, 2005, the jury returned a verdict in favor of Defendants.   Pursuant to Plaintiff's request, the court granted Plaintiff additional time in which to appeal.   On September 6, 2005, Plaintiff filed a notice of appeal.

  On January 8, 2001, Plaintiff filed a motion for the preparation of a trial transcripts for appeal at government expense.  Plaintiff asks for transcripts of the entire trial.  Plaintiff states that he is indigent and cannot afford to pay for transcripts.

  Plaintiff is hereby informed that Plaintiff's in forma pauperis status in both this court and in the Ninth Circuit Court of Appeals does not automatically entitle Plaintiff to have the court reporter prepare transcripts at government expense.  A litigant who has been granted in forma

pauperis status may file a motion to have transcripts produced at government expense. See 28 U.S.C. § 753(f); <u>McKinney v. Anderson</u>, 924 F.2d 1500, 1511-12 (9th Cir.1991) (subsequent history omitted). Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c). Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f).

Plaintiff's notice of appeal and motion for transcripts provide insufficient information for the court to determine whether this case is one in which limited government resources should be spent on the preparation of transcripts. In his motion, Plaintiff has only described his indigent status. Plaintiff has not informed the court the issues Plaintiff wishes to raise on appeal. Without knowing the issues Plaintiff wishes to raise, the court cannot determine whether they are not frivolous and the type of transcripts which would be required. See <u>McKinney</u>, 924 F.2d at 1511-12.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for the preparation of transcripts at government expense is DENIED

1 |     WITHOUT PREJUDICE; and

2 | 2.    The Clerk of the Court is DIRECTED to serve a copy of this order on the Ninth Circuit Court of Appeals so that the Ninth Circuit can determine if it desires to order that the transcripts be prepared at government expense.

IT IS SO ORDERED.

Dated:   **October 14, 2005**                          **/s/ Anthony W. Ishii**
0m8i78                                                      UNITED STATES DISTRICT JUDGE

3